## *In re* ROCKWELL'S WILL.

*(Supreme Court, General Term, Fifth Department.* April 11, 1890.)

APPEAL—REVIEW—PORTIONS OF ORDER.

A motion by the contestant of a will for a struck jury was denied, provided proponent stipulated that jurors might sit at the trial though they had read newspaper accounts of the controversy, and had formed opinions thereon, or conversed on the subject-matter of the litigation upon the merits, but in case the stipulation was not given, then the motion was granted. *Held*, that an appeal by the proponent from so much of the order as imposed the condition in case the application should be denied, and from the granting of the application in case the stipulation was not given, brought up nothing which the general term could intelligently review.

Appeal from special term, Erie county.

George W. Rockwell, proponent of the will of Elizabeth A. S. Rockwell, appeals from portions of an order entered on a motion by John J. P. Reed, the contestant, for a struck jury. For former report, see 2 N. Y. Supp. 378.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*Shire & Van Peyma*, for appellant. *Green & Marcy*, for respondent.

MACOMBER, J. In disposing of a motion for a struck jury made in behalf of the contestant of the last will of Elizabeth A. S. Rockwell, the court ordered a denial of the same, provided that the proponent should stipulate that jurors who might be called on trial at the circuit, in the regular panels, might be permitted to sit in a trial of the issues notwithstanding the fact that they had read newspaper accounts of the controversy, and had formed opinions thereon, or had conversed with any one upon the subject-matter of the litigation upon the merits. In case such stipulation was not given, then the motion as originally made was granted.

The appeal is only from so much of the order as imposes the condition upon the proponent of the will in case the application should be denied, and from the granting of such application in case such stipulation is not given. This notice brings up nothing which we can intelligently review. The portion of the order appealed from cannot be separated from the order as a whole; for it does not in itself contain a separate and distinct direction, but is so coupled with other parts of the order as not to constitute a judicial decision. A struck jury would not be amenable to many provisions disqualifying the ordinary juror. This may have influenced the mind of the learned judge at special term, as is suggested by the counsel for the respondent, so that, as a favor to the appellant, he would give him, in fact, a struck jury, which should be obtained from a regular panel, drawn in the usual way, as a sort of a compromise between absolutely granting and absolutely denying the motion. Had not this condition been imposed, the motion would have been granted as a whole. If we should now reverse the order for the reason that we think the conditions were unwarranted, it would result in the absolute denial of the motion for a struck jury, which is plainly contrary to the intention of the special term. *Association* v. *Smith*, 40 N. Y. Super. Ct. 81; *Havemeyer* v. *Havemeyer*, 44 N. Y. Super. Ct. 170. Had the contestant, rather than the proponent, appealed from the order upon the ground that the motion ought not to

have been defeated by the proponent's giving such a stipulation, a different question would be before us; for then would be presented an appeal from the whole order, and the point made available that, if the application was proper, it ought not to have been defeated by any such concession coming from the other side.   The appeal should be dismissed, with $10 costs and disbursements.   All concur.