VAN ALLEN v. GORDON.

(Supreme Court, General Term, Fifth Department. December 28, 1895.)

1. PLEADING—AMENDMENT—DISCRETION OF COURT.
Code Civ. Proc. § 723, providing that a court may allow material amendments to pleadings "on such terms as it deems just," vests the trial court with a liberal discretion, which will not be reviewed unless abused.

2. SAME—CONSTRUCTION OF ORDER.
A condition imposed by an order allowing an amendment to an answer, that defendant should pay plaintiff's "disbursements" since a former trial, includes only taxable disbursements.

3. SAME—CONDITION—PAYMENT OF COSTS.
It is not an abuse of discretion to impose the payment of a specified amount of costs as a condition to amendment of pleadings, where such amount is proportionate to the costs already accrued.

Appeal from Monroe county court.

Action by Thomas P. Van Allen against Alexander F. Gordon, executor of will of John H. Gordon, deceased. From a portion of the order requiring him to pay a certain amount of costs and certain disbursements to plaintiff, as a condition to the amendment of his answer, defendant appeals. Modified.

Argued before LEWIS, BRADLEY, WARD, and ADAMS, JJ.

James S. Havens, for appellant.
Fred H. Baker, for respondent.

WARD, J. This action was commenced in the municipal court of the city of Rochester in February, 1893, and the complaint alleged that the plaintiff was a practicing physician and surgeon, regularly authorized to practice as such under the laws of this state, and that he had rendered professional services as such and furnished medicine to the then defendant, John H. Gordon, for which he claimed judgment for $625. The defendant answered, admitting that the plaintiff was such physician and surgeon, but denied the rendition of the services rendered as claimed, and for a further answer alleged that the services of the plaintiff were unskillfully and negligently performed, and demanded damages therefor. Defendant further served an amended and supplemental answer, which alleged that the plaintiff had, since the commencement of the action, disposed of the cause of action to his father, Thomas P. Van Allen. The plaintiff recovered judgment in the municipal court for $350 and costs, from which judgment the defendant appealed to the county court of Monroe county for a new trial, where the action was referred to a referee to hear, try, and determine. Upon the trial before the referee, the referee reported in plaintiff's favor. The judgment was entered thereon for $350 and costs. From that judgment defendant appealed to the general term of this court, where the judgment was reversed, and a new trial ordered before another referee. 31 N.Y.Supp. 907. The trial was commenced before such referee, and the plaintiff was sworn, and he gave such evidence as induced the defendant to ask that the trial be suspended that he might move to amend the answer in important particulars. In the meantime John H. Gordon, the original defendant, had died,

and the present defendant, his executor, was substituted as defendant. Upon the motion to amend, the county court of Monroe county made an order that the defendant's proposed amended answer, that accompanied the motion papers, should stand, provided that the defendant, before the adjourn day of the trial before the referee, should pay the amount of the plaintiff's disbursements incurred in the action since the trial thereof in the municipal court of the city of Rochester, and $50 costs in addition thereto; and it was further ordered that if the defendant admitted the regularity of the plaintiff's license to practice medicine and surgery in this state, and of his registry of such license, then that the proposed answer should stand as the defendant's answer in this case, on the payment of $10 costs of the motion; and it was further ordered that no amendment should be allowed to the answer unless the defendant admitted the transfer of the claim in suit from the plaintiff to the said Thomas P. Van Allen. The amended answer contained the denial that the plaintiff was a competent physician and regularly authorized to practice his profession under the laws of this state. It also, as a second defense, set up as a counterclaim that the plaintiff had so improperly, unskillfully, and negligently performed his services, and treated the said John H. Gordon, that he was guilty of malpractice, and that John H. Gordon had suffered damage in excess of the value of any services that had been rendered, and which were recouped.

The appeal from the order permitting the service of this answer is an appeal only from that portion of the order which imposed upon the defendant, as a condition for the granting of the motion to amend his answer, the payment by the defendant of the plaintiff's disbursements incurred since the trial in the municipal court, and the $50 costs in addition thereto. The attitude of the appellant, therefore, is that he proposes to avail himself of the benefits of that order, to wit, the right to serve his amended answer, and inject a new and important defense into the action, and escape the burden imposed upon him as a condition for the privilege granted. There is difficulty upon the threshold in disposing of this appeal upon the merits, for only a portion of the order is before us; and we are unable to see how we can dispose of the whole question intelligently with only a fragment of the order here. This difficulty arose in Re Rockwell's Will (Sup.) 9 N. Y. Supp. 696, where a motion by the contestant of a will for a struck jury was denied, provided proponent stipulated that jurors might sit at the trial though they had read newspaper accounts of the controversy, and had formed opinions thereon, or conversed on the subject-matter of the litigation upon the merits; but in case the stipulation was not given, then the motion was granted. The general term of this department held that an appeal by the proponent from so much of the order as imposed the conditions, in case the application should be denied, and from granting the application in case the stipulation was not given, brought up nothing which the general term could intelligently review. In Havemeyer v. Havemeyer, 44 N. Y. Super. Ct. 170, there was an appeal, like the case before us, from so much of an order as imposed the condition of the payment of the costs of the trial already had, and of an appeal to the general term,

as a condition for leave to serve an amended answer; and the court held that no appeal will lie from a condition merely of allowing service of an amended answer, stating the reasons therefor.     To the same effect is Tribune Ass'n v. Smith, 40 N. Y. Super. Ct. 81.

But, assuming that the whole order is before us, we do not think the discretion of the county court was abused in this instance.     By section 723 of the Code, the court may, "on such terms as it deems just," permit an amendment of a pleading "by inserting an allegation material to the case."     This grant of power to the court is a liberal one, and intended to vest a wide discretion in the court that will adapt itself to varying circumstances and conditions of the different cases in which this discretion is invoked; and it has generally been held that this discretion could not be reviewed by the appellate court. The appellate court has, however, entertained appeals in such cases, where the discretion of the court below has been carried to an unreasonable extent, amounting to oppression.     The appellant complains that the order should provide that the taxable disbursements should be paid as a condition.     We think that is the fair import of the condition.     It means the taxable disbursements, and nothing more.

The appellant further complains that the order should not have fixed a specific amount of costs to be paid, but should have provided that the taxable costs be paid, simply, if anything, and claims that an examination of the cases fails to disclose an instance where a specific amount of costs have been imposed as a condition for the relief granted.     However this may be, the court exercised a proper discretion in the case at bar, having before it the fact that in the progress of the litigation in the different courts through which the case has passed a large amount of costs had accrued, which would ultimately go to the successful party in the litigation, and would exceed the amount of $50 imposed in this instance, and which was not unreasonable under the circumstances of this case.

The order should be so modified as to apply the $50 on the plaintiff's costs in the action, in the event he recover therein, and, as so modified, order affirmed, without costs of this appeal to either party.     All concur.