THOMAS B. VAN ALLAN, Respondent, v. ALEXANDER F. GORDON, as Executor, etc., of JOHN H. GORDON, Deceased, Appellant.

*Amendment — order allowing a defendant to plead an additional defense conditioned upon the payment of a specified sum — proper method of appeal therefrom — Code of Civil Procedure, § 723.*

Where an appeal is taken from an order made in an action allowing the defendant to plead an additional defense upon terms, it is not the proper practice to appeal simply from that part of the order which contains the condition, but the whole order should be appealed from.

Where a case has already been tried in a municipal court and again before a referee, and a third trial is proceeding before another referee, the court may impose as a condition, for permitting an amendment of the answer, the payment to the plaintiff of a specific sum, for example, fifty dollars, but the sum in question should not be required to be paid absolutely, but should be applied upon the plaintiff's costs in case he recovers in the action.

APPEAL by the defendant, Alexander F. Gordon, as executor, etc., of John H. Gordon, deceased, from so much of an order of the County Court of Monroe county, entered in the office of the clerk of the county of Monroe on the 26th day of June, 1895, as imposed upon the defendant, as a condition for the granting of the motion to amend his answer herein, the requirement that he pay the plaintiff the amount of the plaintiff's disbursements incurred in the action since the trial thereof in the Municipal Court of the city of Rochester and fifty dollars costs in addition thereto.

*James S. Havens*, for the appellant.

*Fred. H. Baker*, for the respondent.

WARD, J.:

This action was commenced in the Municipal Court of the city of Rochester in February, 1893, and the complaint alleged that the then plaintiff, Robert A. Van Allan, was a practicing physician and surgeon regularly authorized to practice as such under the laws of this State, and that he had rendered professional services as such and furnished medicine to the then defendant John H. Gordon for which he claimed judgment for $625. The defendant answered,

admitting that the plaintiff was such physician and surgeon, but denied the rendition of the services as claimed, and for a further answer alleged that the services of the plaintiff were unskillfully and negligently performed, and demanded damages therefor ; defendant further served an amended and supplemental answer, which alleged that the plaintiff had, since the commencement of the action, disposed of the cause of action to his father, Thomas B. Van Allan. The plaintiff recovered judgment in the Municipal Court for $350 and costs, from which judgment the defendant appealed to the County Court of Monroe county for a new trial, where the action was referred to a referee to hear, try and determine. Subsequently Thomas B. Van Allan, as the alleged assignee of Robert A. Van Allan, was substituted as plaintiff in the action. Upon the trial before the referee, the referee reported in plaintiff's favor ; judgment was entered thereon for $350 and costs. From that judgment defendant appealed to the General Term of this court, where the judgment was reversed and a new trial ordered before another referee. The trial was commenced before such referee and the original plaintiff was sworn, and he gave such evidence as induced the defendant to ask that the trial be suspended, that he might move to amend his answer in important particulars. In the meantime John H. Gordon, the original defendant, had died, and the present defendant, his executor, had been substituted as defendant. Upon the motion to amend, the County Court of Monroe county made an order that the defendant's proposed amended answer that accompanied the motion papers, should stand as the answer in the action, provided that the defendant, before the adjourned day of the trial before the referee, should pay the amount of the plaintiff's disbursements incurred in the action since the trial thereof in the Municipal Court of the city of Rochester, and fifty dollars costs in addition thereto ; and it was further ordered that if the defendant admitted the regularity of the original plaintiff's license to practice medicine and surgery in this State, and of the registry of such license, then that the proposed answer should stand as the defendant's answer in this case on the payment of ten dollars costs of the motion, and it was further ordered that no amendment should be allowed to the answer unless the defendant admitted the transfer of the claim in suit, from the original plaintiff to the said Thomas B. Van Allan.

The amended answer contained the denial that Robert A. Van Allan was a competent physician, and regularly authorized to practice his profession under the laws of this State. It also has a second defense set up as a counterclaim, that the said Robert A. Van Allan had so improperly, unskillfully and negligently performed his services and treated the said John H. Gordon, that he was guilty of malpractice, and that John H. Gordon had suffered damage in excess of the value of any services that had been rendered, which was intended to be recouped against the plaintiff's claim.

The appeal from the order permitting the service of this answer is an appeal only from that portion of the order which imposed upon the defendant, as a condition for the granting of the motion to amend his answer, the payment by the defendant of the plaintiff's disbursements incurred since the trial in the Municipal Court, and the fifty dollars costs in addition thereto.

The attitude of the appellant, therefore, is that he proposes to avail himself of the benefits of that order, to wit, the right to serve his amended answer and inject a new and important defense into the action, and escape the burden imposed upon him as a condition for the privilege granted.

There is difficulty upon the threshold in disposing of this appeal upon the merits, for only a portion of the order is before us, and we are unable to see how we can dispose of the whole question intelligently with only a fragment of the order here. This difficulty arose in *In re Rockwell's Will* (9 N. Y. Supp. 696), where a motion by the contestant of a will for a struck jury was denied, provided proponent stipulated that jurors might sit at the trial, though they had read newspaper accounts of the controversy and had formed opinions thereon, or conversed on the subject-matter of the litigation upon the merits; but in case the stipulation was not given, then the motion was granted. The General Term of this department held that an appeal by the proponent from so much of the order as imposed the condition in case the application should be denied, and from the granting of the application in case the stipulation was not given, brought up nothing which the General Term could intelligently review.

In *Havemeyer* v. *Havemeyer* (44 N. Y. Super. Ct. 170) there was an appeal like the one in the case before us from so much

of an order as imposed the payment of the costs of a trial already had and of an appeal to the General Term, as a condition for granting leave to serve an amended answer, and the court held that no appeal will lie from a condition merely, of allowing service of an amended answer, stating the reasons therefor.

To the same effect is *The Tribune Association* v. *Smith* (40 N. Y. Super. Ct. 81).

But, assuming that the whole order is before us, we do not think the discretion of the County Court was abused in this instance. By section 723 of the Code of Civil Procedure the court may, " on such terms as it deems just," permit an amendment of a pleading " by inserting an allegation material to the case." This grant of power to the court is a liberal one and was intended to vest a wide discretion in the court, that would adapt itself to varying circumstances and conditions of the different cases in which this discretion is invoked, and it has generally been held that this discretion could not be reviewed by the appellate court. The appellate court has, however, entertained appeals in such cases where the discretion of the court below has been carried to an unreasonable extent, amounting to oppression. The appellant complains that the order should have provided that the taxable disbursements should be paid as a condition ; we think that is the fair import of the condition ; it means the taxable disbursements and nothing more.

The appellant further complains that the order should not have fixed a specified amount of costs to be paid, but should have provided that the taxable costs be paid simply, if anything, and claims that an examination of the cases fails to disclose an instance where the payment of a specific amount of costs has been imposed as a condition for the relief granted.

However this may be, the court exercised a proper discretion in the case at bar having before it the fact that, in the progress of the litigation in the different courts through which the case has passed, a large amount of costs had accrued which would ultimately go to the successful party in the litigation, and would exceed the amount of fifty dollars imposed in this instance, and which was not unreasonable under the circumstances of this case.

The order should be so modified as to apply the fifty dollars on the plaintiff's costs in the action in the event he recover therein, and,

as so modified, order affirmed, without costs of this appeal to either party.

LEWIS, BRADLEY and ADAMS, JJ., concurred.

Order so modified as to apply fifty dollars on the plaintiff's costs in the action in the event he recover therein, and, as so modified, order affirmed, without costs of this appeal to either party.